

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 4, 1939

Honorable W. L. Edwards
County Attorney
Victoria, Texas

Dear Sir:

Opinion No. O-99

Re: What is proper procedure
for selecting trustees
following recent election
in which three candidates
each received 32 votes and
a fourth received 31 votes,
and one of the candidates
receiving 32 votes now
agreeing to withdraw in
favor of the two who received
the same number.

We are in receipt of your letter of April 4, 1939,
wherein you set forth the following facts:

Consolidated Common School District No. 21, has seven
members on its Board of Trustees as provided for by Article 2808,
Revised Civil Statutes. Last Saturday an election was held for
the purpose of selecting two members of the Board to succeed two
members whose terms were expiring. There were four candidates,
and at the election, three of them received 32 votes each and a
fourth received 31 votes. One of the candidates who received 32
votes has offered to withdraw and let the vacancy be filled by
the remaining two high candidates. You request our opinion as
to whether the other two candidates who received 32 votes each
may be declared trustees or whether another election must be
called for the purpose of selecting two trustees.

The statutes relating to the selection of trustees for
common school districts do not specifically make provision for
such a situation as the one you outlined. Articles 2745, 2746 and

2746a, Revised Civil Statutes, 1925, as amended. Article 2923, Revised Civil Statutes, provides as follows:

"The provisions of this title shall apply to all elections held in this State, except as otherwise provided herein."

Article 2955, Revised Civil Statutes, reads as follows:

"At any election, if there be an equal number of votes given to two or more persons for the same office, except executive offices as provided in the Constitution, and no one elected thereto, the officer to whom the returns are made shall declare such election void as to such office only, and shall immediately order another election to fill such office; and notice shall be given, and such other election shall be held in the same manner as the general election."

In the case of Scherz vs. Telfer, 74 S. W. (2) 327, the court said that "the election of such trustee is, of course, undoubtedly controlled by the provisions of Articles 2745, 2746 and 2746a, in all matters and things covered by the provisions of said Articles. But is is manifest, we think, that in all other matters not covered by said Articles, the provisions of the Terrell Election Law would apply."

We are of the opinion, therefore, that Article 2955 will control in this instance. In view of the mandatory provisions of that Article, one of the candidates who received 32 votes could not nullify the provisions thereof by offering to withdraw and saying that he did so in favor of the other two candidates, each of whom received the same number of votes. It is quite possible that some of those who voted for the withdrawing candidate might wish to vote for the fourth man who received 31 votes. Furthermore, the duty being enjoined upon the officer to whom the returns are made to declare such election void and order another, new candidates might enter the field and be elected over any or all of the candidates at the first election.

Our answer to your question, therefore, is that a new election should be called for the purpose of selecting the two trustees.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:N

APPROVED

*Gerald C. Mann* nph

ATTORNEY GENERAL OF TEXAS